UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CHRISTOPHER E. WASHINGTON,  )
                            )
    Plaintiff,          )
                            )
    v.                  )      CIVIL NO.  1:09cv262
                            )
COMMISSIONER OF SOCIAL SECURITY,  )
                            )
    Defendant.          )

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendant,

Commissioner of Social Security, on November 13, 2009.  The plaintiff, Christopher E.

Washington ("Washington"), proceeding pro se, filed a response to the motion on December 4,

2009.  On this same date, Washington filed a "Motion to Enter Judgment So That Relief Can Be

Granted."

For the following reasons, the motion to dismiss will be granted and the motion to enter

judgment will be denied.

Discussion

On September 18, 2009, Washington filed a complaint seeking judicial review of the

Agency's alleged final administrative decision that he was not disabled and therefore not

entitled to Social Security Disability Insurance Benefits and Supplemental Security Income.

Because the Commissioner has not issued a final decision in this case after a hearing to which

Washington was a party, the Court will dismiss Washington's complaint for lack of subject

matter jurisdiction.

The following undisputed facts are set forth in the affidavit of Joan DeVera.  Washington

applied for Disability Insurance Benefits and Supplemental Security Income on July 17, 2008, and November 19, 2008, respectively; his applications were denied initially and upon reconsideration on March 14, 2009 (Affidavit ¶ 3(a)). On April 17, 2009, Washington filed a request for hearing (Affidavit ¶ 3(b)). As of the date of Ms. DeVera's affidavit, October 8, 2009, Washington's request for hearing was pending in the Fort Wayne, Indiana, hearing office (Affidavit ¶ 3(b)). On September 18, 2009, Washington filed a civil action with this Court.

42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act and, in order to obtain review under § 405(g), a claimant must first obtain a "final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party."

Subsections (g) and (h) of 42 U.S.C. § 405 authorize judicial review in cases arising under Title II of the Social Security Act. Those provisions also make clear that they are the exclusive jurisdictional basis for judicial review. Section 405(g) provides for judicial review:

> Any individual, <u>after any final decision of the Commissioner of Social Security made after a hearing to which he was a party</u>, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

Section 405(h) then provides that review under § 405(g) is exclusive:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code, to recover on any claim arising under this subchapter.

2

Congress has thus explicitly stated that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with § 405(g). It is well settled that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994). Further, "the 'terms of the [United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Where a right, such as the right to sue, is a creature of statute, and the statute provides a special remedy, that remedy is exclusive. See United States v. Babcock, 250 U.S. 328, 331 (1919). Accordingly, 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act.

The statute authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). As the Supreme Court has recognized, "[t]his provision clearly limits judicial review to a particular type of agency action." Califano v. Sanders, 430 U.S. 99, 108 (1977). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 767 (1975). The regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. §§ 404.900(a), 416.1400(a); see Sanders, 430 U.S. at 102 ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]."). If the claimant does not pursue his appeal rights, the administrative determination or decision becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481.

Under Social Security Administration regulations, an individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. §§ 404.902, 416.1402. If dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. §§ 404.907, 416.1407. If dissatisfied with the reconsidered determination, the claimant may then request a hearing before an ALJ. 20 C.F.R. §§ 404.929, 416.1429. If the claimant is dissatisfied with the ALJ's hearing decision, he may request that the Appeals Council review the decision. 20 C.F.R. §§ 404.967, 416.1467. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481. The Appeals Council may also grant the request for review and issue its own decision. 20 C.F.R. §§ 404.981, 416.1481. In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. 20 C.F.R. §§ 404.981, 416.1481. Ordinarily, a claimant must exercise his administrative appeals rights and seek judicial review within a specified time frame. 20 C.F.R. §§ 404.900(a), 416.1400(a).

Thus, under the regulations, a claimant obtains a judicially reviewable final decision only if he completes the administrative appeals process and receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying his request for review of an ALJ's decision. 20 C.F.R. §§ 404.981, 416.1481, 422.210.

In the present case, after his claim was denied at the initial and reconsideration stages of the administrative appeals process, Washington requested a hearing before an ALJ. That request for hearing was pending as of October 8, 2009.

The Supreme Court "long has acknowledged the general rule that parties exhaust

prescribed administrative remedies before seeking relief from the federal courts." McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992). As the Court has observed, "[e]xhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." Id. at 145. The exhaustion doctrine is "grounded in Congress' delegation of authority to coordinate branches of Government," and "recognizes that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." Id. The exhaustion requirement also reflects the "commonsense notion" that "an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is hailed into federal court." Id. Providing the agency with the opportunity to correct its own errors may eliminate the need for judicial involvement altogether; and if it does not moot the case entirely, it at least avoids piecemeal appeals and may produce a useful record for subsequent judicial consideration. Id. Thus, because Washington has not yet exhausted his administrative remedies, this Court lacks subject matter jurisdiction in this matter, and the Court will dismiss Washington's complaint.[1] See Heckler v. Ringer, 466 U.S. 602, 618-19 (1984) (dismissal appropriate because of failure to exhaust).

---

[1] The Supreme Court has held that courts may excuse a claimant from exhausting his administrative remedies "in certain special cases," such as where the plaintiff raises a challenge wholly collateral to his claim for benefits and makes a colorable showing that his injury could not be remedied by the retroactive payment of benefits. Ringer, 466 U.S. at 618. Washington's allegations, however, are not wholly collateral to his claim for benefits, and Washington has alleged no basis for the Court to excuse his failure to exhaust. Accordingly, this is not a "special case" in which the failure to exhaust may be excused.

## Conclusion

On the basis of the foregoing, the defendant's motion to dismiss [DE 9] is hereby

GRANTED.  Further, Washington's motion to enter judgment [DE 12] is hereby DENIED.

Entered: January 26, 2010.

s/ William C.  Lee
William C. Lee, Judge
United States District Court
